NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMIE F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, D.S., *Appellees*.

No. 1 CA-JV 20-0316
FILED 3-23-2021

Appeal from the Superior Court in Maricopa County
No. JD 527578
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1 Jamie F. ("Mother") appeals the juvenile court's order finding her son, D.S., dependent.[1] She also appeals the court's disposition order. For the following reasons, we affirm.

## BACKGROUND

¶2 Mother's parental rights to an older child, R.F., were terminated in 2015 on grounds of neglect due to substance abuse, as well as nine and fifteen months in an out-of-home placement. D.S. was born in 2017. Mother was on probation in December 2019 when her probation officer visited her home and found D.S. outside unsupervised. During another home visit, a probation officer found a pipe and white powder, later identified as methamphetamine ("meth"), on the microwave. D.S. was in daycare at the time, and Mother claimed the items belonged to a friend who had visited earlier that day or a family member who was staying in the home. The probation department did not petition for a violation; instead, Mother was directed to participate in drug testing and the Department of Child Safety ("DCS") was alerted about the incident.

¶3 Over the next month, Mother failed to take several drug tests. After completing a TERROS intake, she told her counselor she planned to stop using meth just long enough to get off probation, and would then start using again to control her weight. In April 2020, DCS held a team decision-making meeting and recommended services and a substance abuse assessment for Mother. Three weeks later, Mother stated she was "appealing the decision to do services" because she was already enrolled in services for probation. Around the same time, Mother took her first drug test for probation services and tested positive for meth; shortly thereafter DCS removed D.S. from Mother's custody.

---

[1] D.S.'s father was also part of the dependency proceeding, but he is not a party to this appeal.

¶4          In its dependency petition, DCS alleged Mother was unable to parent due to her substance abuse and neglect. After a contested dependency hearing, the juvenile court found D.S. dependent on both grounds and Mother appealed. The court later held a dependency disposition hearing, finding a continuing need for out-of-home care, and confirming the case plan of family reunification. Mother also appealed that ruling. We have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1), 12-2101(A)(1); *Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45, ¶ 8 (App. 2006) (concluding that a dependency disposition order is a final, appealable order).

**DISCUSSION**

¶5          We review a dependency order for an abuse of discretion. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015). We will not disturb the juvenile court's determination unless reasonable evidence does not support its factual findings. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010). The juvenile court is in the "best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings." *Pima Cnty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987).

¶6          As pertinent here, a child is "dependent" if adjudicated to be "in need of proper and effective parental care and control," and without a "parent or guardian willing to exercise or capable of exercising such care and control," or if the parent's "home is unfit by reason of . . . neglect." A.R.S. § 8-201(15)(a)(i), (iii). Neglect includes the "inability or unwillingness of a parent . . . to provide that child with supervision, food, clothing, shelter, or medical care if [it] causes unreasonable risk of harm to the child's health or welfare." A.R.S. § 8-201(25)(a). DCS has the burden of proving a dependency by a preponderance of the evidence, A.R.S. § 8-844(C)(1), and "the juvenile court is vested with a great deal of discretion" because the primary concern is the best interests of the child. *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235, ¶ 21 (App. 2005) (citation and internal quotation marks omitted).

¶7          Reasonable evidence supports the court's dependency finding based on abuse and neglect. The court first noted Mother's history of substance abuse, going back at least seven years, and that her previous

termination proceeding involved substance abuse.[2]   At the dependency hearing, Mother conceded she uses meth for weight loss, but she claimed the meth did not impair her parenting skills.  She missed many drug tests and failed others, including a positive test for meth in September 2020.  Mother claimed she never uses or stores drugs around her son, but probation officers found meth and paraphernalia in her home, sitting on the microwave, in February 2020.  The court found that Mother's "drug use has already exposed the child to dangerous situations" and yet her participation in substance abuse treatment and visitation with the child have been inconsistent.  And, although only two years old, D.S. was found outside the home unsupervised—an incident similar to what occurred in Mother's prior termination case.  Mother nonetheless failed to take steps to meaningfully participate in parenting and substance abuse services, and continued to test positive for meth.

¶8         Mother counters that reasonable evidence does not "support a conclusion that drug use impacted parenting during the last three months that Mother had D.S. in her care or at the time of the trial."  She also contends DCS failed to show evidence of neglect after the incident when meth was found in her home.  But the juvenile court was not required to document additional events before it could reasonably conclude there were continuing risks to D.S.'s health and welfare created by Mother's repeated substance abuse.  *Cf. Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶¶ 28–29 (App. 2010) (finding a father's temporary abstinence from using drugs did not outweigh his consistent inability to abstain, which meant his chronic drug abuse was likely to persist for a long period and continue to negatively affect his parenting duties).

¶9         Although the juvenile court must consider the "circumstances existing at the time of the adjudication hearing," the conditions for dependency "need not be continuous or actively occurring at the time of the adjudication hearing to support a finding of dependency on these grounds; the substantiated and unresolved threat is sufficient."  *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50–51, ¶¶ 12, 16 (App. 2016); *see also Pima Cnty. Juv. Dependency Action No. 96290*, 162 Ariz. 601, 604 (App. 1990) (explaining that when "conditions creating the dependency . . . pose an imminent risk of harm," DCS is not required to wait for further injury to be inflicted).  This is "particularly true" in cases where the parent denies

---

[2]        We need not address the arguments Mother raises in her opening brief concerning her use of medical marijuana because the juvenile court findings focused solely on meth use.

responsibility for the conditions of dependency. *Shella H.*, 239 Ariz. at 51, ¶ 16.

**¶10** To the extent Mother challenges the disposition order, she does so only on the basis that if we vacate the adjudication order, we must also vacate the disposition order. Because we uphold the adjudication order, Mother's challenge fails.

## CONCLUSION

**¶11** We affirm the juvenile court's orders.



AMY M. WOOD • Clerk of the Court
FILED: AA